IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ANTHONY HITT D/B/A | ) | |
| LIQUID SOLUTIONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-cv-01133 |
| | ) | JURY DEMAND |
| VERICLAIM, INC.; IRON HORSE RECOVERY, LLC; | ) | |
| YUAN TAI FURNITURE, INC.; MICHAEL CHEN; | ) | |
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, | ) | |
| aka LLOYD'S UNDERWRITING OF LONDON; INDIAN | ) | |
| HARBOR INSURANCE COMPANY; QBE SPECIALITY | ) | |
| INSURANCE COMPANY AND STEADFAST INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

---

**ANSWER OF DEFENDANTS CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, INDIAN HARBOR INSURANCE COMPANY, QBE SPECIALTY INSURANCE COMPANY, AND STEADFAST INSURANCE COMPANY TO FIRST AMENDED COMPLAINT AND CROSS-CLAIM AGAINST YUAN TAI FURNITURE, INC. AND IRON HORSE RECOVERY, LLC**

---

Come now the Defendants, Certain Underwriters at Lloyd's, London (incorrectly named as "Certain Underwriters at Lloyd's, London also known as Lloyd's Underwriting of London"), Indian Harbor Insurance Company, QBE Specialty Insurance Company, and Steadfast Insurance Company, and file their Answer to the First Amended Complaint as follows:

1.     These Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 1 of the First Amended Complaint and, therefore, deny same and demand strict proof thereof.

1

2.     These Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 2 of the First Amended Complaint and, therefore, deny same and demand strict proof thereof.

3.     These Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 3 of the First Amended Complaint and, therefore, deny same and demand strict proof thereof.

4.     These Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 4 of the First Amended Complaint and, therefore, deny same and demand strict proof thereof.

5.     These Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 5 of the First Amended Complaint and, therefore, deny same and demand strict proof thereof.

6.     These Defendants deny the allegations contained in paragraph 6 of the First Amended Complaint.

7.     These Defendants admit the allegations contained in paragraph 7 of the First Amended Complaint.

8.     These Defendants admit the allegations contained in paragraph 8 of the First Amended Complaint.

9.     With regard to the allegations contained in paragraph 9 of the First Amended Complaint, these Defendants admit that Steadfast Insurance Company is an insurance company authorized to do business.  These Defendants deny the remainder of the allegations contained in paragraph 9 of the First Amended Complaint.

7.      There are two paragraphs numbered 7 in the First Amended Complaint.  These Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in the second paragraph number 7 of the First Amended Complaint and, therefore, deny same and demand strict proof thereof.

8.      There are two paragraphs numbered 8 in the First Amended Complaint.  These Defendants deny the allegations contained in the second paragraph number 8 of the First Amended Complaint.

9.      There are two paragraphs numbered 9 in the First Amended Complaint.  With regard to the allegations contained in the second paragraph number 9 of the First Amended Complaint, these Defendants admit that Yuan Tai Furniture, Inc. ("Yuan Tai") made a claim for damage to certain furniture inventory at Yuan Tai's Texas warehouse as a result of unexpected exposure to water.  These Defendants deny that this incident took place on or about June 2014.  These Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in the second paragraph number 9 of the First Amended Complaint and, therefore, deny same and demand strict proof thereof.

10.      With regard to the allegations contained in paragraph 10 of the First Amended Complaint, these Defendants admit that they subscribed severally as their interests appear thereon and not jointly to a policy of insurance with Yuan Tai as a named insured (the "Policy").  These Defendants admit that Yuan Tai made a claim under the Policy for damage to certain furniture inventory at Yuan Tai's Texas warehouse as a result of unexpected exposure to water.  These Defendants admit that they each paid their proportionate share of said claim as specified in the Policy, a true and correct copy of which is attached hereto as Exhibit A and incorporated herein by reference as if fully set forth.  Any alleged liability is several as to each of these Defendants

3

and shall not exceed its participation percentage shown in the Policy, and there is no joint liability of any of these Defendants pursuant to the Policy.

11.     With regard to the allegations contained in paragraph 11 of the First Amended Complaint, these Defendants admit that they each paid their proportionate share of Yuan Tai's claim, as specified in the Policy, for damage to certain furniture inventory at Yuan Tai's Texas warehouse as a result of unexpected exposure to water.  These Defendants admit that the total amount paid to Yuan Tai for this portion of its claim was greater than $1,500,000.00.  These Defendants deny the remainder of the allegations contained in paragraph 11 of the First Amended Complaint.

12.     With regard to the allegations contained in paragraph 12 of the First Amended Complaint, these Defendants admit that ownership of the furniture inventory that was the subject of Yuan Tai's claim was transferred to these Defendants as a result of the payment of the claim. These Defendants deny that Vericlaim caused this transfer of ownership.  These Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in paragraph 12 of the First Amended Complaint and, therefore, deny same and demand strict proof thereof.  To the extent that the allegations contained in paragraph 12 of the First Amended Complaint state or assert legal conclusions, these Defendants are not required to respond to any such allegations.

13.     With regard to the allegations contained in paragraph 13 of the First Amended Complaint, these Defendants admit that Vericlaim contracted with Iron Horse to assess, inventory, take possession of, and sell the furniture inventory that was the subject of Yuan Tai's claim.  These Defendants deny the remainder of the allegations contained in paragraph 13 of the First Amended Complaint.  To the extent that the allegations contained in paragraph 13 of the First Amended

4

Complaint state or assert legal conclusions, these Defendants are not required to respond to any such allegations.

14.     These Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 14 of the First Amended Complaint and, therefore, deny same and demand strict proof thereof.

15.     These Defendants deny the allegations contained in paragraph 15 of the First Amended Complaint.

16.     These Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 16 of the First Amended Complaint and, therefore, deny same and demand strict proof thereof.

17.     With regard to the allegations contained in paragraph 17 of the First Amended Complaint, these Defendants admit that certain items of furniture owned by these Defendants were offered for sale to the Plaintiff.  These Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in paragraph 17 of the First Amended Complaint and, therefore, deny same and demand strict proof thereof.  To the extent that the allegations contained in paragraph 17 of the First Amended Complaint state or assert legal conclusions, these Defendants are not required to respond to any such allegations.

18.     With regard to the allegations contained in paragraph 18 of the First Amended Complaint, these Defendants admit that the Plaintiff agreed to pay $307,000.00 for the purchase of certain items of furniture owned by these Defendants (the "Purchase Price").  These Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in paragraph 18 of the First Amended Complaint and, therefore, deny same and demand strict proof thereof.  To the extent that the allegations contained

5

in paragraph 18 of the First Amended Complaint state or assert legal conclusions, these Defendants are not required to respond to any such allegations.

19.     With regard to the allegations contained in paragraph 19 of the First Amended Complaint, these Defendants admit that the Plaintiff paid the Purchase Price. These Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in paragraph 19 of the First Amended Complaint and, therefore, deny same and demand strict proof thereof. To the extent that the allegations contained in paragraph 19 of the First Amended Complaint state or assert legal conclusions, these Defendants are not required to respond to any such allegations.

20.     These Defendants deny the allegations contained in paragraph 20 of the First Amended Complaint insofar as those allegations may relate to these Defendants and to the extent that the Plaintiff may seek to impose liability on these Defendants as a result of those allegations. These Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 20 of the First Amended Complaint insofar as those allegations may relate to other Defendants and, therefore, deny same and demand strict proof thereof.

21.     These Defendants deny the allegations contained in paragraph 21 of the First Amended Complaint insofar as those allegations may relate to these Defendants and to the extent that the Plaintiff may seek to impose liability on these Defendants as a result of those allegations. These Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 21 of the First Amended Complaint insofar as those allegations may relate to other Defendants and, therefore, deny same and demand strict proof thereof.

22.     These Defendants deny the allegations contained in paragraph 22 of the First Amended Complaint insofar as those allegations may relate to these Defendants and to the extent that the Plaintiff may seek to impose liability on these Defendants as a result of those allegations. These Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 22 of the First Amended Complaint insofar as those allegations may relate to other Defendants and, therefore, deny same and demand strict proof thereof.

23.     With regard to the allegations contained in paragraph 23 of the First Amended Complaint, these Defendants admit that they were informed that the Plaintiff allegedly had not received all of the items of furniture that it had purchased.  These Defendants deny the remainder of the allegations contained in paragraph 23 of the First Amended Complaint insofar as those allegations may relate to these Defendants and to the extent that the Plaintiff may seek to impose liability on these Defendants as a result of those allegations.  These Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 23 of the First Amended Complaint insofar as those allegations may relate to other Defendants and, therefore, deny same and demand strict proof thereof.

24.     These Defendants deny the allegations contained in paragraph 24 of the First Amended Complaint insofar as those allegations may relate to these Defendants and to the extent that the Plaintiff may seek to impose liability on these Defendants as a result of those allegations. These Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 24 of the First Amended Complaint insofar as those allegations may relate to other Defendants and, therefore, deny same and demand strict proof thereof.

7

25.     These Defendants deny the allegations contained in paragraph 25 of the First Amended Complaint insofar as those allegations may relate to these Defendants and to the extent that the Plaintiff may seek to impose liability on these Defendants as a result of those allegations. These Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 25 of the First Amended Complaint insofar as those allegations may relate to other Defendants and, therefore, deny same and demand strict proof thereof.

26.     These Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 26 of the First Amended Complaint and, therefore, deny same and demand strict proof thereof.

27.     With regard to the allegations contained in paragraph 27 of the First Amended Complaint, these Defendants admit that they were informed that the Plaintiff allegedly had not received all of the items of furniture that it had purchased.  These Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in paragraph 27 of the First Amended Complaint and, therefore, deny same and demand strict proof thereof.  To the extent that the allegations contained in paragraph 27 of the First Amended Complaint state or assert legal conclusions, these Defendants are not required to respond to any such allegations.

28.     With regard to the allegations contained in paragraph 28 of the First Amended Complaint, these Defendants admit that they received a copy of the July 27, 2015 letter from Plaintiff's counsel that is attached as Exhibit 2 to the First Amended Complaint.  These Defendants state that said letter speaks for itself.  These Defendants deny the remainder of the allegations contained in paragraph 28 of the First Amended Complaint insofar as those allegations may relate

8

to these Defendants and to the extent that the Plaintiff may seek to impose liability on these Defendants as a result of those allegations. These Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 28 of the First Amended Complaint insofar as those allegations may relate to other Defendants and, therefore, deny same and demand strict proof thereof.

29. With regard to the allegations contained in paragraph 29 of the First Amended Complaint, these Defendants deny that the shipments from Yuan Tai were short in an amount not less than $600,000.00 of resale value. These Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in paragraph 29 of the First Amended Complaint and, therefore, deny same and demand strict proof thereof.

30. These Defendants deny the allegations contained in paragraph 30 of the First Amended Complaint insofar as those allegations may relate to these Defendants and to the extent that the Plaintiff may seek to impose liability on these Defendants as a result of those allegations. These Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 30 of the First Amended Complaint insofar as those allegations may relate to other Defendants and, therefore, deny same and demand strict proof thereof.

31. These Defendants deny the allegations contained in paragraph 31 of the First Amended Complaint insofar as those allegations may relate to these Defendants and to the extent that the Plaintiff may seek to impose liability on these Defendants as a result of those allegations. These Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 31 of the First Amended Complaint insofar as

those allegations may relate to other Defendants and, therefore, deny same and demand strict proof thereof. To the extent that the allegations contained in paragraph 31 of the First Amended Complaint state or assert legal conclusions, these Defendants are not required to respond to any such allegations.

32. These Defendants deny the allegations contained in paragraph 32 of the First Amended Complaint insofar as those allegations may relate to these Defendants and to the extent that the Plaintiff may seek to impose liability on these Defendants as a result of those allegations. These Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 32 of the First Amended Complaint insofar as those allegations may relate to other Defendants and, therefore, deny same and demand strict proof thereof.

33. These Defendants deny the allegations contained in paragraph 33 of the First Amended Complaint.

34. These Defendants deny the allegations contained in paragraph 34 of the First Amended Complaint insofar as those allegations may relate to these Defendants and to the extent that the Plaintiff may seek to impose liability on these Defendants as a result of those allegations. These Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 34 of the First Amended Complaint insofar as those allegations may relate to other Defendants and, therefore, deny same and demand strict proof thereof.

35. These Defendants deny the allegations contained in paragraph 35 of the First Amended Complaint insofar as those allegations may relate to these Defendants and to the extent that the Plaintiff may seek to impose liability on these Defendants as a result of those allegations.

These Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 35 of the First Amended Complaint insofar as those allegations may relate to other Defendants and, therefore, deny same and demand strict proof thereof.

36.     These Defendants deny the allegations contained in paragraph 36 of the First Amended Complaint insofar as those allegations may relate to these Defendants and to the extent that the Plaintiff may seek to impose liability on these Defendants as a result of those allegations. These Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 36 of the First Amended Complaint insofar as those allegations may relate to other Defendants and, therefore, deny same and demand strict proof thereof.

37.      These Defendants deny the allegations contained in paragraph 37 of the First Amended Complaint insofar as those allegations may relate to these Defendants and to the extent that the Plaintiff may seek to impose liability on these Defendants as a result of those allegations. These Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 37 of the First Amended Complaint insofar as those allegations may relate to other Defendants and, therefore, deny same and demand strict proof thereof.

38.     These Defendants deny the allegations contained in paragraph 38 of the First Amended Complaint insofar as those allegations may relate to these Defendants and to the extent that the Plaintiff may seek to impose liability on these Defendants as a result of those allegations. These Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 38 of the First Amended Complaint insofar as

those allegations may relate to other Defendants and, therefore, deny same and demand strict proof thereof.

39.     Paragraph 39 contains no allegations against these Defendants and, therefore, no response by these Defendants is required thereto.  These Defendants deny the allegations contained in paragraph 39 of the First Amended Complaint insofar as those allegations may relate to these Defendants and to the extent that the Plaintiff may seek to impose liability on these Defendants as a result of those allegations.

40.     These Defendants hereby incorporate by reference as if fully set forth their foregoing responses to paragraphs 1 through 39 of the First Amended Complaint.

41.     With regard to the allegations contained in paragraph 41 of the First Amended Complaint, these Defendants admit that they entered into an agreement whereby the Plaintiff would purchase certain items of furniture owned by these Defendants.  These Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in paragraph 41 of the First Amended Complaint and, therefore, deny same and demand strict proof thereof.

42.     With regard to the allegations contained in paragraph 42 of the First Amended Complaint, these Defendants admit that the Plaintiff paid the Purchase Price.  These Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in paragraph 42 of the First Amended Complaint and, therefore, deny same and demand strict proof thereof.  To the extent that the allegations contained in paragraph 42 of the First Amended Complaint state or assert legal conclusions, these Defendants are not required to respond to any such allegations.

43.     These Defendants deny the allegations contained in paragraph 43 of the First Amended Complaint insofar as those allegations may relate to these Defendants and to the extent that the Plaintiff may seek to impose liability on these Defendants as a result of those allegations. These Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 43 of the First Amended Complaint insofar as those allegations may relate to other Defendants and, therefore, deny same and demand strict proof thereof.

44.     These Defendants deny the allegations contained in paragraph 44 of the First Amended Complaint insofar as those allegations may relate to these Defendants and to the extent that the Plaintiff may seek to impose liability on these Defendants as a result of those allegations. These Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 44 of the First Amended Complaint insofar as those allegations may relate to other Defendants and, therefore, deny same and demand strict proof thereof.

45.     These Defendants deny the allegations contained in paragraph 45 of the First Amended Complaint insofar as those allegations may relate to these Defendants and to the extent that the Plaintiff may seek to impose liability on these Defendants as a result of those allegations. These Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 45 of the First Amended Complaint insofar as those allegations may relate to other Defendants and, therefore, deny same and demand strict proof thereof.

46.     These Defendants deny the allegations contained in paragraph 46 of the First Amended Complaint.

13

47.     These Defendants hereby incorporate by reference as if fully set forth their foregoing responses to paragraphs 1 through 46 of the First Amended Complaint.

48.     These Defendants deny the allegations contained in paragraph 48 of the First Amended Complaint insofar as those allegations may relate to these Defendants and to the extent that the Plaintiff may seek to impose liability on these Defendants as a result of those allegations. These Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 48 of the First Amended Complaint insofar as those allegations may relate to other Defendants and, therefore, deny same and demand strict proof thereof.

49.     These Defendants deny the allegations contained in paragraph 49 of the First Amended Complaint insofar as those allegations may relate to these Defendants and to the extent that the Plaintiff may seek to impose liability on these Defendants as a result of those allegations. These Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 49 of the First Amended Complaint insofar as those allegations may relate to other Defendants and, therefore, deny same and demand strict proof thereof.  To the extent that the allegations contained in paragraph 49 of the First Amended Complaint state or assert legal conclusions, these Defendants are not required to respond to any such allegations.

50.     These Defendants deny the allegations contained in paragraph 50 of the First Amended Complaint insofar as those allegations may relate to these Defendants and to the extent that the Plaintiff may seek to impose liability on these Defendants as a result of those allegations. These Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 50 of the First Amended Complaint insofar as

14

those allegations may relate to other Defendants and, therefore, deny same and demand strict proof thereof.

51.    These Defendants deny the allegations contained in paragraph 51 of the First Amended Complaint insofar as those allegations may relate to these Defendants and to the extent that the Plaintiff may seek to impose liability on these Defendants as a result of those allegations. These Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 51 of the First Amended Complaint insofar as those allegations may relate to other Defendants and, therefore, deny same and demand strict proof thereof.

52.    These Defendants deny the allegations contained in paragraph 52 of the First Amended Complaint insofar as those allegations may relate to these Defendants and to the extent that the Plaintiff may seek to impose liability on these Defendants as a result of those allegations. These Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 52 of the First Amended Complaint insofar as those allegations may relate to other Defendants and, therefore, deny same and demand strict proof thereof.

53.    These Defendants deny the allegations contained in paragraph 53 of the First Amended Complaint insofar as those allegations may relate to these Defendants and to the extent that the Plaintiff may seek to impose liability on these Defendants as a result of those allegations. These Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 53 of the First Amended Complaint insofar as those allegations may relate to other Defendants and, therefore, deny same and demand strict proof thereof.

54.     These Defendants deny the allegations contained in paragraph 54 of the First Amended Complaint insofar as those allegations may relate to these Defendants and to the extent that the Plaintiff may seek to impose liability on these Defendants as a result of those allegations. These Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 54 of the First Amended Complaint insofar as those allegations may relate to other Defendants and, therefore, deny same and demand strict proof thereof.

55.     These Defendants deny the allegations contained in paragraph 55 of the First Amended Complaint insofar as those allegations may relate to these Defendants and to the extent that the Plaintiff may seek to impose liability on these Defendants as a result of those allegations. These Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 55 of the First Amended Complaint insofar as those allegations may relate to other Defendants and, therefore, deny same and demand strict proof thereof.

56.     These Defendants hereby incorporate by reference as if fully set forth their foregoing responses to paragraphs 1 through 55 of the First Amended Complaint.

57.     With regard to the allegations contained in paragraph 57 of the First Amended Complaint, these Defendants admit that the Plaintiff agreed to pay the Purchase Price. These Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in paragraph 57 of the First Amended Complaint and, therefore, deny same and demand strict proof thereof. To the extent that the allegations contained in paragraph 57 of the First Amended Complaint state or assert legal conclusions, these Defendants are not required to respond to any such allegations.

16

58.     With regard to the allegations contained in paragraph 58 of the First Amended Complaint, these Defendants admit that the Plaintiff paid the Purchase Price. These Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the remainder of the allegations contained in paragraph 58 of the First Amended Complaint and, therefore, deny same and demand strict proof thereof.

59.     These Defendants deny the allegations contained in paragraph 59 of the First Amended Complaint insofar as those allegations may relate to these Defendants and to the extent that the Plaintiff may seek to impose liability on these Defendants as a result of those allegations. These Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 59 of the First Amended Complaint insofar as those allegations may relate to other Defendants and, therefore, deny same and demand strict proof thereof.

60.     These Defendants deny the allegations contained in paragraph 60 of the First Amended Complaint insofar as those allegations may relate to these Defendants and to the extent that the Plaintiff may seek to impose liability on these Defendants as a result of those allegations. These Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 60 of the First Amended Complaint insofar as those allegations may relate to other Defendants and, therefore, deny same and demand strict proof thereof.

61.     These Defendants deny the allegations contained in paragraph 61 of the First Amended Complaint insofar as those allegations may relate to these Defendants and to the extent that the Plaintiff may seek to impose liability on these Defendants as a result of those allegations. These Defendants are without knowledge or information sufficient to form a belief with regard to

the truth of the allegations contained in paragraph 61 of the First Amended Complaint insofar as those allegations may relate to other Defendants and, therefore, deny same and demand strict proof thereof.

62. These Defendants deny the allegations contained in paragraph 62 of the First Amended Complaint insofar as those allegations may relate to these Defendants and to the extent that the Plaintiff may seek to impose liability on these Defendants as a result of those allegations. These Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 62 of the First Amended Complaint insofar as those allegations may relate to other Defendants and, therefore, deny same and demand strict proof thereof.

63. These Defendants deny the allegations contained in paragraph 63 of the First Amended Complaint insofar as those allegations may relate to these Defendants and to the extent that the Plaintiff may seek to impose liability on these Defendants as a result of those allegations. These Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 63 of the First Amended Complaint insofar as those allegations may relate to other Defendants and, therefore, deny same and demand strict proof thereof. To the extent that the allegations contained in paragraph 63 of the First Amended Complaint state or assert legal conclusions, these Defendants are not required to respond to any such allegations.

64. These Defendants deny the allegations contained in paragraph 64 of the First Amended Complaint insofar as those allegations may relate to these Defendants and to the extent that the Plaintiff may seek to impose liability on these Defendants as a result of those allegations. These Defendants are without knowledge or information sufficient to form a belief with regard to

the truth of the allegations contained in paragraph 64 of the First Amended Complaint insofar as those allegations may relate to other Defendants and, therefore, deny same and demand strict proof thereof.

65.     These Defendants deny the allegations contained in paragraph 65 of the First Amended Complaint insofar as those allegations may relate to these Defendants and to the extent that the Plaintiff may seek to impose liability on these Defendants as a result of those allegations. These Defendants are without knowledge or information sufficient to form a belief with regard to the truth of the allegations contained in paragraph 65 of the First Amended Complaint insofar as those allegations may relate to other Defendants and, therefore, deny same and demand strict proof thereof.

66.     These Defendants deny that the Plaintiff is entitled to the relief sought against these Defendants in the prayer for relief.

67.     All allegations in the First Amended Complaint not hereinabove admitted, explained, or denied are here and now denied just as if they had been specifically denied.

68.     The First Amended Complaint fails to state a claim upon which relief can be granted against these Defendants.

69.     These Defendants deny that they are liable to the Plaintiff on any basis.

70.     These Defendants deny any liability or responsibility for any alleged shortage in the items that the Plaintiff received.

71.     Venue of this action is improper because the acts giving rise to the Plaintiff's alleged claims did not occur in this district.

72.     The Plaintiff's claims against these Defendants are barred, in whole or in part, due to lack of consideration.

73. The Plaintiff's claims against these Defendants are barred, in whole or in part, because these Defendants never breached any agreement with the Plaintiff.

74. The Plaintiff's claims against these Defendants are barred, in whole or in part, to the extent that the Plaintiff has failed to mitigate its alleged damages.

75. The Plaintiff's claims against these Defendants are barred, in whole or in part, due to a lack of proximate cause between any act of these Defendants and any injuries or damages allegedly sustained by the Plaintiff.

76. The Plaintiff's claims against these Defendants are barred, in whole or in part, to the extent that the claims are based on the actions of any alleged agents or sub-agents of these Defendants and to the extent that any such alleged agents or sub-agents exceeded the scope of their authority.

77. The Plaintiff's claims against these Defendants are barred, in whole or in part, based on the Plaintiff's failure to include necessary and/or indispensable parties as defendants in this action.

78. The Plaintiff's damages, if any, were caused, in whole or in part, by new and independent intervening causes or, alternatively, superseding causes.

79. The Plaintiff is not entitled to recover punitive damages from these Defendants because such damages are unconstitutional and are not supported by the law or the facts of this case.

80. The Plaintiff's claims against these Defendants are barred, in whole or in part, by the doctrine of comparative fault, because any injuries and/or damages alleged by the Plaintiff, all of which are specifically denied, were the result of the acts, negligence, and/or fault of the Plaintiff in failing to ensure that the items being shipped to it were all of the items that it had purchased and

in negotiating and reaching agreements with Yuan Tai to substitute certain items for items that were allegedly missing, which was done without the knowledge of these Defendants, and these acts and omissions of the Plaintiff are a bar to any recovery against these Defendants.

81.     The Plaintiff's claims against these Defendants are barred, in whole or in part, by the doctrine of comparative fault, because any injuries and/or damages alleged by the Plaintiff, all of which are specifically denied, were the result of the acts, negligence, breach of contract, and/or fault of others, including but not necessarily limited to Yuan Tai and/or Iron Horse, for which these Defendants have no legal responsibility or liability, or otherwise resulted from some independent cause, phenomenon, or misadventure beyond the control of these Defendants and for which these Defendants are not liable or responsible, and these acts and omissions are a bar to the Plaintiff's recovery against these Defendants.

82.     Should the Plaintiff be entitled to any recovery against these Defendants, which these Defendants deny, the amount awarded to the Plaintiff should be reduced by its own acts, negligence, and/or fault, and/or by the acts, negligence, breach of contract, and/or fault of others, including but not necessarily limited to Yuan Tai and/or Iron Horse, for which these Defendants have no legal responsibility or liability, pursuant to the doctrine of comparative fault.

83.     Should the Plaintiff be entitled to any recovery against these Defendants, which these Defendants deny, the liability of each of these Defendants is several only and not joint, and any such alleged liability is limited to the proportionate amount of the Purchase Price that each of these Defendants received, since each of these Defendants only received their proportionate share of the Purchase Price, as specified in the Policy, after Iron Horse's commission and expenses were deducted from the Purchase Price.

84. The Defendant, Certain Underwriters at Lloyd's, London, is incorrectly named in the First Amended Complaint because they are not also known as Lloyd's Underwriting of London and, therefore, the First Amended Complaint should be dismissed on this basis.

WHEREFORE, having fully answered, the Defendants, Certain Underwriters at Lloyd's, London (incorrectly named as "Certain Underwriters at Lloyd's, London also known as Lloyd's Underwriting of London"), Indian Harbor Insurance Company, QBE Specialty Insurance Company, and Steadfast Insurance Company, pray that the First Amended Complaint filed herein against them be dismissed and that they be allowed to go hence with their proper costs.

---

## CROSS-CLAIM AGAINST YUAN TAI FURNITURE, INC. AND IRON HORSE RECOVERY, LLC

---

Come now the Cross-Plaintiffs, Certain Underwriters at Lloyd's London, Indian Harbor Insurance Company, QBE Specialty Insurance Company, and Steadfast Insurance Company, and, pursuant to Rule 13(g) of the Federal Rules of Civil Procedure, file this Cross-Claim against the Cross-Defendants, Yuan Tai Furniture, Inc. ("Yuan Tai") and Iron Horse Recovery, LLC ("Iron Horse"), and for cause of action state as follows:

1. Effective October 6, 2013 and expiring October 6, 2014, the Cross-Plaintiffs subscribed severally as their interests appear thereon and not jointly to a policy of insurance with Yuan Tai as a named insured (the "Policy"). The Policy includes business personal property coverage.

2. On or about July 14, 2014, Yuan Tai submitted a property loss notice under the Policy with regard to an incident that occurred on July 13, 2014 in which a water pipe broke in Yuan Tai's warehouse resulting in water damage to the building and certain furniture inventory in

22

the warehouse (the "Water Damage Claim").  (Yuan Tai also made a claim for lost business income which remains pending.)

3.    The Cross-Plaintiffs retained Vericlaim, Inc. ("Vericlaim") to investigate and adjust the Water Damage Claim, and Vericlaim contracted with Iron Horse to assess, inventory, take possession of, and sell the salvaged furniture inventory (the "Salvaged Inventory").

4.    The Cross-Plaintiffs paid Yuan Tai a total of $1,677,618.84 in full and final settlement of the Water Damage Claim, which consisted of $1,583,560.34 as payment for the Salvaged Inventory and $94,058.50 as payment for the damage to the building.

5.    When the Cross-Plaintiffs paid the Water Damage Claim, they became the owners of the Salvaged Inventory.

6.    The Plaintiff, Anthony Hitt d/b/a Liquid Solutions ("Liquid Solutions"), purchased the Salvaged Inventory from the Cross-Plaintiffs for the sum of $307,000.00.

7.    At no time did the Cross-Plaintiffs have care, custody, or control of the Salvaged Inventory.  Instead, Yuan Tai and/or Iron Horse had care, custody, and control of the Salvaged Inventory prior to its sale to Liquid Solutions.

8.    It was the responsibility of Liquid Solutions, Yuan Tai, and Iron Horse to ensure that Liquid Solutions received all of the Salvaged Inventory that it had purchased.

9.    In the First Amended Complaint filed herein, Liquid Solutions has sued the Cross-Plaintiffs, among others, and alleges that it did not receive all of the Salvaged Inventory that it had purchased.   Liquid Solutions has asserted causes of action for breach of contract, unjust enrichment, quantum meruit, conversion, and misrepresentation against the Cross-Plaintiffs and the other Defendants.

10.     The Cross-Plaintiffs deny that they are responsible for any alleged shortage in the Salvaged Inventory that Liquid Solutions received and deny that they are liable to Liquid Solutions on any basis.

11.     The amount that the Cross-Plaintiffs paid to Yuan Tai in full and final settlement of the Water Damage Claim was based on the specific items that constituted the Salvaged Inventory.  The Cross-Plaintiffs paid the Water Damage Claim with the understanding that ownership of the items that constituted the Salvaged Inventory would transfer to the Cross-Plaintiffs when they paid the Water Damage Claim and that Yuan Tai would then transfer possession and ownership of those items to Liquid Solutions once Liquid Solutions paid for those items.  If there was a shortage in the Salvaged Inventory that Liquid Solutions received, then the Cross-Plaintiffs are entitled to be reimbursed by Yuan Tai for the amount that the Cross-Plaintiffs paid Yuan Tai for each item of Salvaged Inventory that Liquid Solutions did not receive.

12.     As compensation for its services, Iron Horse received a percentage of the price that Liquid Solutions paid for each item that constituted the Salvaged Inventory.  Iron Horse also was paid for the expenses that it incurred in relation to the Salvaged Inventory.  If there was a shortage in the Salvaged Inventory that Liquid Solutions received, then the Cross-Plaintiffs are entitled to be reimbursed by Iron Horse for the amount of the commission that the Cross-Plaintiffs paid Iron Horse for each item of Salvaged Inventory that Liquid Solutions did not receive and any expenses that the Cross-Plaintiffs paid Iron Horse in relation to each such item.

13.     Any alleged shortage in the Salvaged Inventory that Liquid Solutions received and any damages allegedly sustained by Liquid Solutions as a result thereof were not caused or contributed to by any act, negligence, breach of contract, and/or fault on the part of the Cross-Plaintiffs, but instead were caused totally by, and due solely to, the acts, negligence, breach of

contract, and/or fault of Yuan Tai and/or Iron Horse and/or Liquid Solutions, for which the Cross-Plaintiffs have no legal responsibility or liability. Therefore, the Cross-Plaintiffs are entitled to indemnity, contribution, recovery over, or otherwise against Yuan Tai and Iron Horse for any sums that may be adjudged against the Cross-Plaintiffs in favor of Liquid Solutions and for any sums that the Cross-Plaintiffs may have to pay Liquid Solutions by way of judgment, settlement, or otherwise. If it is determined that the Cross-Plaintiffs are liable to Liquid Solutions, which the Cross-Plaintiffs deny, and Liquid Solutions is entitled to a recovery against the Cross-Plaintiffs, then the Cross-Plaintiffs are entitled to recover from Yuan Tai and Iron Horse for the full amount of any judgment which may be rendered against the Cross-Plaintiffs, plus all of the Cross-Plaintiffs' costs, expenses, and attorneys' fees incurred in connection with this litigation.

WHEREFORE, the Cross-Plaintiffs, Certain Underwriters at Lloyd's London, Indian Harbor Insurance Company, QBE Specialty Insurance Company, and Steadfast Insurance Company, pray as follows:

1. That if it is determined that there was a shortage in the Salvaged Inventory that Liquid Solutions received, the Cross-Plaintiffs be awarded a judgment against Yuan Tai in the amount that the Cross-Plaintiffs paid Yuan Tai for each item of Salvaged Inventory that Liquid Solutions did not receive;

2. That if it is determined that there was a shortage in the Salvaged Inventory that Liquid Solutions received, the Cross-Plaintiffs be awarded a judgment against Iron Horse in the amount of the commission that the Cross-Plaintiffs paid Iron Horse for each item of Salvaged Inventory that Liquid Solutions did not receive and any expenses that the Cross-Plaintiffs paid Iron Horse in relation to each such item;

25

3.     That in the event a judgment is rendered against the Cross-Plaintiffs in favor of Liquid Solutions, the Cross-Plaintiffs be awarded a judgment against Yuan Tai and Iron Horse for the full amount of any such judgment rendered against the Cross-Plaintiffs in favor of Liquid Solutions;

4.     That the Cross-Plaintiffs be awarded their costs, expenses, and attorneys' fees from Yuan Tai and Iron Horse;

5.     That the Cross-Plaintiffs be awarded pre-judgment and post-judgment interest from Yuan Tai and Iron Horse; and

6.     That the Cross-Plaintiffs be awarded such other relief to which they may show themselves justly entitled.

Respectfully submitted,

BRATTON & O'NEAL, P.C.

By  /s/ Gregory W. O'Neal
     Gregory W. O'Neal
     Attorney for Defendants/Cross-Plaintiffs,
     Certain Underwriters at Lloyd's London,
     Indian Harbor Insurance Company,
     QBE Specialty Insurance Company, and
     Steadfast Insurance Company
     675 Oakleaf Office Lane, Suite 200
     Memphis, Tennessee  38117-4863
     (901) 684-6100
     (901) 684-6106 - Fax
     E-mail: gregoneal@brattononeal.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2016, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will automatically send a notice of electronic filing to:

David M. Anthony, Esq.
William J. Hayes, III, Esq.
Thomas R. Frazer, III, Esq.
Bone, McAllester, Norton, PLLC
511 Union Street, Suite 1600
Nashville, TN 37219

*Counsel for Plaintiff*

J. Graham Matherne, Esq.
Colby F. Block, Esq.
Wyatt, Tarrant & Combs, LLP
2525 West End Avenue, Suite 1500
Nashville, TN 37203-1423

*Counsel for Defendant Vericlaim, Inc.*

John F. Floyd, Esq.
Daniel C. Todd, Esq.
Todd & Floyd, PLC
3817 Bedford Avenue, Suite 200
Nashville, TN 37215

*Counsel for Defendants Yuan Tai Furniture, Inc. and Michael Chen*

Additionally, I certify that a true and correct copy of the foregoing has been delivered by U.S. Mail, postage prepaid, to the following:

Iron Horse Recovery, LLC
c/o United States Corporation Agents, Inc., Registered Agent
12301 Research Park Blvd., Bldg. 4, Suite 200
Austin, TX 78759

_/s/ Gregory W. O'Neal_____
Gregory W. O'Neal

*F:\Data\Lloyd's\Liquid Solutions\Answer to First Amended Complaint and Cross-Claim.docx*